UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Erdman Automation Corporation,

    Plaintiff,

v.        Civ. No. 06-4900 (JNE/SRN)
        ORDER
Spadix Technologies, Inc.,

    Defendant.

Erdman Automation Corporation brought this action for a declaration of noninfringement of U.S. Patent No. 6,494,245 ('245 Patent). Spadix Technologies, Inc., asserted a counterclaim for patent infringement. Spadix Technologies later filed a notice of intent to dismiss its counterclaim with prejudice. The case is before the Court on Erdman Automation's motion for attorney fees. For the reasons set forth below, the Court dismisses Spadix Technologies' counterclaim, dismisses Erdman Automation's claim for declaratory relief, and denies Erdman Automation's motion for attorney fees.

*Dismissals*

Pursuant to Spadix Technologies' notice of intent to dismiss, the Court dismisses Spadix Technologies' counterclaim with prejudice. *See* Fed. R. Civ. P. 41(a)(2). Having dismissed Spadix Technologies' claim for patent infringement, the Court dismisses for lack of jurisdiction Erdman Automation's claim for a declaratory judgment of noninfringement. *See Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1033 n.1 (Fed. Cir. 2006); *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058-60 (Fed. Cir. 1995).

*Attorney fees*

Erdman Automation moves for attorney fees pursuant to Rule 11 of the Federal Rules of Civil Procedure. A motion under Rule 11 "shall not be filed with or presented to the court

1

unless, within 21 days after service of the motion . . . the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." Fed. R. Civ. P. 11(c)(1)(A).  In patent cases, the law of the regional circuit applies to motions under Rule 11. *Digeo, Inc. v. Audible, Inc.*, No. 2007-1133, 2007 WL 3196676, at *3 (Fed. Cir. 2007); *Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1299 (Fed. Cir. 2004).  In *Gordon v. Unifund CCR Partners*, 345 F.3d 1028 (8th Cir. 2003), the United States Court of Appeals for the Eighth Circuit held that a district court had abused its discretion by granting a motion for sanctions under Rule 11 where the moving party failed to comply with Rule 11's procedural requirements.  345 F.3d at 1029-30.  In this case, Erdman Automation filed its motion under Rule 11 without having served it on Spadix Technologies at least twenty-one days before its presentation to the Court.  Moreover, Erdman Automation served and filed the motion after Spadix Technologies had filed its notice of intent to dismiss its counterclaim with prejudice.  Accordingly, the Court declines to grant Erdman Automation attorney fees under Rule 11.  *See id.*; *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997) ("Because Vernon Estes did not move for Rule 11 sanctions until after AeroTech had moved to dismiss its claims against him, we agree with the magistrate's conclusion that Rule 11's cure provision prevents Vernon Estes from seeking sanctions."); *cf.* Fed. R. Civ. P. 11 advisory committee notes (1993 amendments) ("Given the 'safe harbor' provisions [of Rule 11], a party cannot delay serving its Rule 11 motion until conclusion of the case . . . .").

Erdman Automation also moves for attorney fees under 35 U.S.C. § 285 (2000), which provides that a court may award reasonable attorney fees to the prevailing party in exceptional cases.  *Cf. Digeo*, 2007 WL 3196676, at *3 ("Motions under Rule 11 and § 285 are different.").  Before awarding fees under section 285, a district court must first determine whether the

prevailing party has established by clear and convincing evidence that the case is exceptional. *Id.* at *2; *Forest Labs., Inc. v. Abbott Labs.*, 339 F.3d 1324, 1327 (Fed. Cir. 2003). If the case is exceptional, the district court then determines whether an award of attorney fees is appropriate. *Digeo*, 2007 WL 3196676, at *2; *Forest Labs.*, 339 F.3d at 1328. An award of attorney fees under section 285 is appropriate in "limited circumstances." *Forest Labs.*, 339 F.3d at 1329. "The prevailing party may prove the existence of an exceptional case by showing: inequitable conduct before the [Patent and Trademark Office]; litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit or willful infringement." *Epcon Gas Sys., Inc. v. Bauer Compressors, Inc.*, 279 F.3d 1022, 1034 (Fed. Cir. 2002); *see Forest Labs.*, 339 F.3d at 1329. There is no dispute that Erdman Automation is the prevailing party. *See Highway Equip.*, 469 F.3d at 1034-36.

Erdman Automation asserts that this case is exceptional because Spadix Technologies violated Rule 11. Erdman Automation did not properly move for sanctions under Rule 11, so there is no finding of a violation of Rule 11 on which Erdman Automation may rely to support its motion under section 285. *See Digeo*, 2007 WL 3196676, at *3 ("Although a Rule 11 violation can serve as the basis for finding a case exceptional, there was no Rule 11 motion or finding by the district court below upon which to base a finding of exceptionality.").

Erdman Automation also maintains that the case is exceptional because Spadix Technologies asserted a frivolous counterclaim of patent infringement. "A frivolous infringement suit is one which the patentee knew or, on reasonable investigation, should have known, was baseless." *Haynes Int'l, Inc. v. Jessop Steel Co.*, 8 F.3d 1573, 1579 (Fed. Cir. 1993), *modified*, 15 F.3d 1076 (Fed. Cir. 1994); *see Digeo*, 2007 WL 3196676, at *4. In this case, Spadix Technologies reviewed an advertisement for a machine made by Erdman Automation.

3

The advertisement included a picture of the machine, but Spadix Technologies could not find the machine on the market to inspect it. After comparing the picture to the '245 Patent, Spadix Technologies concluded that the machine contained some elements of the '245 Patent. Spadix Technologies was not certain as to whether all elements were present. By letter dated December 6, 2006, Spadix Technologies notified Erdman Automation that Erdman Automation was offering for sale machines covered by the '245 Patent. Spadix Technologies also asked Erdman Automation to state whether sales of machines covered by the '245 Patent had taken place. Approximately one week later, Erdman Automation filed, but did not serve, its Complaint. Exchanges of written correspondence and telephone conversations followed. Spadix Technologies acknowledged that it did not have the accused machine and asked Erdman Automation to identify its basis of noninfringement. In a letter dated March 1, 2007, Erdman Automation responded that the case of noninfringement is clear, that it found Spadix Technologies' allegation of patent infringement troubling given that Spadix Technologies had not compared the accused machine to the '245 Patent, and that it "decided to await receipt of [Spadix Technologies'] infringement contentions before engaging any further." The next month, Erdman Automation served and filed its Amended Complaint. Spadix Technologies answered and asserted a counterclaim for patent infringement. After reviewing photographs of the accused machine disclosed pursuant to the pretrial scheduling order, Spadix Technologies filed its notice of intent to dismiss its counterclaim. At that time, the accused machine was not available in the market.

On this record, Erdman Automation has not demonstrated that Spadix Technologies asserted a frivolous counterclaim of patent infringement. *See Q-Pharma*, 360 F.3d at 1303-04; *Hoffman-La Roche Inc. v. Invamed Inc.*, 213 F.3d 1359, 1365-66 (Fed. Cir. 2000). Before

4

asserting its counterclaim, Spadix Technologies compared the '245 Patent to a picture of Erdman Automation's machine, unsuccessfully attempted to find the machine on the market, and unsuccessfully attempted to obtain further information from Erdman Automation.  Spadix Technologies neither knew nor should have known that its counterclaim was baseless.

For these reasons, the Court concludes that Erdman Automation has not demonstrated by clear and convincing evidence that this case is exceptional.  The Court therefore denies Erdman Automation's request for attorney fees under section 285.[1]

*Conclusion*

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Spadix Technologies' Counterclaim [Docket No. 13] is DISMISSED WITH PREJUDICE.

2. Erdman Automation's Amended Complaint [Docket No. 3] is DISMISSED FOR LACK OF JURISDICTION.

3. Erdman Automation's motion for attorney fees [Docket No. 23] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  November 15, 2007

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

---

[1] In its reply memorandum, Erdman Automation asserts that the Court should deem admitted certain facts due to Spadix Technologies' failure to answer discovery.  Because Erdman Automation first raised this argument in its reply memorandum, the Court declines to consider it. *See Resolution Trust Corp. v. Armbruster*, 52 F.3d 748, 751 n.2 (8th Cir. 1995).